# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
May 22, 2001 Session

## JOHN CLARK GARRISON V. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
No. 69737    Julian Guinn, Judge by Designation

**No. E2000-00858-CCA-R3-PC**
**September 4, 2001**

Petitioner, John Clark Garrison, filed a petition for post-conviction relief attacking his two convictions for theft of property over the value of $10,000.00 but less than $60,000.00. Petitioner was represented by counsel who filed the petition for post-conviction relief on his behalf. The State filed a response to the petition. The trial court dismissed the petition without an evidentiary hearing, finding that all of the issues were either previously determined, waived, insufficient to assert specific allegations of ineffective assistance of counsel, or presented no question of constitutional deprivation. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Gregory P. Isaacs, Knoxville, Tennessee for the appellant, John Clark Garrison.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; Randall E. Nichols, District Attorney General; and C. Leon Franks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

We have reviewed the appellate record in this particular case, the opinions involving this case in three prior appeals, and have taken judicial notice of the appellate record in the case of State v. John Clark Garrison, No. 03C01-9601-CR-00050, 1998 WL 300587, at *2-3, Knox County (Tenn. Crim. App., Knoxville, June 10, 1998), perm. to app. denied (Tenn. 1999) (concurring in results only), as per a previous order of this court filed as a result of a motion by Petitioner to supplement the record in this case.

In the petition for post-conviction relief filed by Petitioner's retained counsel in this proceeding, he alleged five grounds for post-conviction relief. In his first ground, the Petitioner

alleges that his constitutional rights to due process were violated when the trial court ordered an illegal sentence which was *void ab initio*. For the two convictions of theft, Petitioner was given sentences of incarceration and ordered to pay restitution. He was sentenced in September 1995. The Petitioner argues that at the time he was sentenced, the law did not allow for a Defendant to be required to pay restitution unless it was in conjunction with a sentence of probation. Compare Tenn. Code Ann. § 40-35-104(c) (1995), with Tenn. Code Ann.§ 40-35-104(c) (Supp. 1996) (effective July1, 1996). Therefore, he argues that his sentence is illegal and *void ab initio.* This precise issue was addressed in one of Petitioner's previous appeals to this Court, and was resolved against the Petitioner. See State of Tennessee v. John Clark Garrison, No. E1999-00121-CCA-R3-CD, 2000 WL 1661491, at *2-3, Knox County (Tenn. Crim. App., Knoxville, Nov. 6, 2000), perm. to app. denied (Tenn. 2001). He filed an application for permission to appeal to the Tennessee Supreme Court pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. The supreme court denied his application on May 14, 2001. Thus, this issue has been previously determined. See Tenn. Code Ann. § 40-30-206(f) and (h) (1997) ("A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing.").

In his second ground for relief, Petitioner alleges that his guilty pleas to the two charges of theft were involuntarily entered without understanding the nature and consequences of the plea. In State v. John Clark Garrison, 1998 WL 300587, at *2-3, this court held that a previous panel of this court (State v. John Garrison, No. 03C01-9305-CR-00169, 1994 WL 9388, at *1, Knox County (Tenn. Crim. App., Knoxville, Jan. 10, 1995) perm. to app. denied (Tenn. 1995), "implicitly found the [Petitioner's] guilty plea to be voluntarily and knowingly entered." Again, in Petitioner's last appeal, State v. John Clark Garrison, 2000 WL 1661491 at *4, this court held that the issue of whether the Petitioner's plea was knowingly and voluntarily entered had been previously determined. We thus are compelled to hold that this alleged ground for post-conviction relief has been previously determined.

In his third ground for post-conviction relief, Petitioner alleges that his convictions were based on a plea entered into with ineffective assistance of counsel. In his petition, Petitioner alleges that attorney Charles Burks rendered ineffective assistance of counsel in his original proceedings leading up to the guilty plea. From our review of the record, Mr. Burks was never Petitioner's attorney of record. Prior to the guilty pleas, Mr. Burks was approached by the Petitioner's father about possibly being retained to represent the Petitioner. The Petitioner already had another attorney of record. However, the record does suggest that Mr. Burks did discuss the potential plea agreement with Petitioner and Petitioner's father. In essence, it appears that the money that would have been spent by Petitioner's father to retain Mr. Burks, was used toward a down payment on the restitution. Since Mr. Burks was never Petitioner's attorney of record, then from a legal standpoint, it would not matter whether or not Mr. Burks rendered "effective assistance of counsel." Therefore, the allegations of the petition were not sufficient to raise an issue of ineffective assistance of counsel.

In his fourth ground for post-conviction relief, Petitioner alleges that his due process rights were violated by the State of Tennessee at his re-sentencing hearing in June 1995, when the State failed to honor a plea bargain agreement contrary to this court's ruling in State v. John Garrison,

1994 WL 9388, at *1. This precise issue was raised and addressed in the Petitioner's direct appeal of the sentence he received at the re-sentencing hearing, in State v. John Clark Garrison, 1998 WL 300587, at *3. Therefore, this issue has also been previously determined.

In his final ground for post-conviction relief, Petitioner alleges that his rights to due process were denied by the trial court when aggravating factors were misapplied and mitigating factors were not considered, resulting in "incorrectly sentencing the petitioner." It is well-settled law that sentencing is not an appropriate issue to be addressed in post-conviction relief. See Tenn. Code Ann. § 40-35-401(a) (1997) ("[t]here is no appellate review of the sentence in a post-conviction . . . proceeding"). The Petitioner cannot circumvent this well-established rule of law by merely alleging in a post-conviction petition that his rights to due process were violated by incorrect sentencing. Further, the Petitioner has failed to challenge that the sentence is void or voidable because of the abridgement of a right guaranteed by the Tennessee or United States Constitutions. Tenn. Code Ann. § 40-30-203 (1997). Therefore, the last ground alleged by Petitioner is not appropriate for post-conviction relief.

## CONCLUSION

Having fully reviewed the entire record and the briefs of the parties, we conclude that the trial court did not err by dismissing the petition, and therefore affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
May 22, 2001 Session

## JOHN CLARK GARRISON V. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 69737     Julian Guinn, Judge by Designation**

---

**No. E2000-00858-CCA-R3-PC**

---

### JUDGMENT

Came the Appellant, John Clark Garrison, by and through counsel, and also came the Attorney General on behalf of the State, and this case was heard on the record on appeal from the Criminal Court of Knox County; and upon consideration thereof, this court is of the opinion that there is no reversible error in the judgment of the trial court.

It is, therefore, ordered and adjudged by this Court that the judgment of the trial court is affirmed, and the case is remanded to the Criminal Court of Knox County for execution of the judgment of that court and for collection of costs accrued below.

Costs of appeal are taxed to the State of Tennessee.


**PER CURIAM**
Thomas T. Woodall
Gary R. Wade, Presiding Judge
Robert W. Wedemeyer